IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **KONDAUR CAPITAL CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:20-cv-02423-JTF-tmp |
| | ) | |
| **KEITH T. FINLEY,** | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**
_____

Before the Court is Defendant Keith T. Finley's *pro se* Notice of Removal ("Notice"), filed on June 12, 2020, pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Defendant also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 6), which was granted on July 16, 2020. (ECF No. 7.) On September 10, 2020, the Magistrate Judge, upon screening Defendant's Notice, entered a Report and Recommendation suggesting dismissal and remand of the action for lack of subject matter jurisdiction. (ECF No. 8.) On September 22, 2020, Defendant timely filed Objections to the Report and Recommendation. (ECF No. 9.) For the reasons below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action and remand to the Circuit Court of Shelby County for the State of Tennessee.

**FACTUAL HISTORY**

At the outset, the Court notes that Defendant did not attach Plaintiff Kondaur Capital Corporation's initial complaint to his Notice. Accompanying Defendant's Notice are (1) a statement setting forth the alleged grounds for removal; (2) a Motion to Void and Dismiss Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4), 12(b)(1), and 12(h)(3), filed in

1

the Circuit Court of Shelby County for the State of Tennessee ("Circuit Court") proceeding; (3) a withdrawal of Plaintiff's objection to Defendant's statement of evidence filed in the Circuit Court; (4) a Circuit Court order granting Plaintiff's motion for summary judgment; and (5) an email between Defendant and Plaintiff's counsel regarding the aforementioned statement of evidence. (ECF Nos. 1 & 1-4.)

The Court also notes that a federal proceeding related to this action occurred previously. On February 17, 2012, Defendant filed a wrongful foreclosure action against Plaintiff and four other defendants in the Chancery Court of Shelby County for the State of Tennessee. *See Finley v. Kondaur Capital Corp.*, 909 F. Supp. 2d 969, 973 (W.D. Tenn. 2012). In Count VII of the wrongful foreclosure action, Defendant asserted a claim to quiet title under Tennessee state law. *Id.* at 982. The wrongful foreclosure action was removed to the Western District of Tennessee on March 9, 2012. *Id.* at 974. The federal district court in that case denied Plaintiff's motion to dismiss Defendant's quiet title claim because the Court "possesse[d] insufficient information" to warrant dismissal. *Id.* at 982. On January 25, 2013, the Court entered an Order and Judgment declaring Defendant as the "mortgagor-in-possession" and that "any present mortgage foreclosure proceeding now pending or initiated by Plaintiff but not yet filed in the courts of Tennessee is null and void and of no effect upon Finley's title to the premises." Order and Judgment, *Finley v. Kondaur Capital Corp.*, No. 12-cv-02197-WGY-dkv (W.D. Tenn. Jan. 25, 2013), ECF No. 43. Importantly, however, the Court noted that this Order was "without prejudice to Kondaur—once its paperwork was in order—initiating a new foreclosure proceeding should Finley remain in default on the mortgage." (*Id.* at 1–2.)

Subsequently, on November 19, 2013, Plaintiff initiated the present foreclosure/eviction action against Defendant in the Circuit Court.[1]  (ECF No. 1-3, 2.)  On July 17, 2014, the Circuit Court denied Plaintiff's first motion for summary judgment without prejudice for the purpose of permitting Defendant to produce certain evidence.  (ECF No. 9-3, 1.)  Following the Circuit Court's denial of the first summary judgment motion, Plaintiff filed a Motion for Reconsideration and to Alter or Amend Judgment.  On August 29, 2014, the Circuit Court granted Plaintiff's Motion for Reconsideration and granted summary judgment in favor of Plaintiff, awarding to Plaintiff possession of the property and attorneys' fees in the amount of $14,430.00. (ECF No. 1-3, 1–2.)  In his Notice, Defendant alleges that the Circuit Court's hearing on the summary judgment motion took place without notice to him.  (ECF No. 1, 2.)

On February 6, 2015, the Circuit Court held an eviction hearing, which Defendant also alleges occurred without proper service or notice to him.  (*Id.*)  Ultimately, on March 3, 2015, Defendant was evicted from the property.  (*Id.*)

On February 12, 2019, Defendant filed a Statement of Evidence in the Circuit Court, to which Plaintiff initially objected. (ECF No. 1-2, 1.)  However, on May 7, 2019, Plaintiff withdrew its objections to Defendant's Statement.  (*Id.*)  Defendant has not provided this Statement of Evidence to this Court.

On June 12, 2020, Defendant filed his Notice of Removal.  (ECF No. 1.)  On September 10, 2020, the Magistrate Judge entered the Report and Recommendations.  (ECF No. 8.)  Thereafter, on September 22, 2020, Defendant filed his Objections to the Proposed Findings and

---

[1] The Court adopts and incorporates the Magistrate Judge's use of judicial notice regarding the filing date of this action.  *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 n.2 (6th Cir. 2012) (noting that judicial notice is proper as to "developments in 'related proceedings in other courts of record'").

Recommendations ("Objections"), attaching a Memorandum/Order and a Judgment entered by the district court in Defendant's 2012 wrongful foreclosure action, the Circuit Court's July 17, 2014 denial of Plaintiff's motion for summary judgment, and an assignment of a deed of trust filed with the Register of Shelby County, Tennessee.  (ECF No. 9.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions."

*Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, in cases where a *pro se* plaintiff has been granted leave to proceed *in forma pauperis*, the complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Lack of Subject-Matter Jurisdiction

While Kondaur has not challenged the removal of this case, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). When a court determines that it lacks subject matter jurisdiction, the court has an obligation to dismiss the case. Fed. R. Civ. P. 12(h)(3). The Sixth Circuit employs a presumption against federal subject matter jurisdiction, which must be overcome by the removing party. *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010); *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 777 (W.D. Ky. 2002) (citing *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

## **ANALYSIS**

Because Defendant has filed Objections to the Magistrate Judge's recommendation that this action be dismissed for lack of subject matter jurisdiction and remanded, the Court reviews

the Magistrate Judge's Report and Recommendation *de novo*.  *See* 28 U.S.C. § 636(b)(1).  The Magistrate Judge concluded that because Defendant did not plead facts establishing the existence of subject matter jurisdiction, the Court lacks subject matter jurisdiction over this case.  Accordingly, the Magistrate Judge recommended that this case be dismissed and remanded to the Circuit Court.  (ECF No. 8, 4.)

Defendant's Notice set forth 28 U.S.C. § 1331—i.e., federal question jurisdiction—as the basis for federal subject matter jurisdiction.  Defendant also alleges in his Objections that diversity jurisdiction is proper.  (ECF No. 9, 1.)

For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss and remand this action to the Shelby County Circuit Court.  Neither Defendant's Notice nor his Objections adequately set forth any basis for federal subject matter jurisdiction, because diversity jurisdiction is unavailable in this case, and further, there is no federal question presented.

*Diversity Jurisdiction*

In his Notice, Defendant did not plead diversity jurisdiction.  (ECF No. 1.)  The Magistrate Judge concluded that removal based on diversity jurisdiction was therefore unavailable.  (ECF No. 8, 5.)  In his Objections, Defendant now asserts that diversity jurisdiction is proper.  (ECF No. 9, 1.)

Federal district courts have original jurisdiction over civil actions between citizens of different states in which the amount-in-controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1332, 1441. The removing defendant bears the burden of sufficiently alleging diversity jurisdiction.  *See* 28 U.S.C. § 1446(a).  Specifically, the removing defendant must provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders

served upon such defendant . . . in such action." *Id.* Defendant's status as a *pro se* litigant does not completely excuse the pleading requirements. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither this Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).

Despite not providing the Complaint in this action, in his Objections, Defendant argues that diversity jurisdiction is proper. As to diversity of citizenship, Defendant states that he is a citizen of Tennessee and that Plaintiff is a citizen of California. (ECF No. 9, 1.) Regarding the amount-in-controversy, Defendant alleges that it necessarily exceeds $75,000 since the value of the property from which he was evicted is greater than $100,000. (*Id.*)

However, even assuming Defendant's Objections are a proper means of pleading diversity jurisdiction, removal based on diversity would nonetheless remain unavailable because Defendant is a citizen of Tennessee. Diversity jurisdiction cannot serve as the basis for removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Further, removal based on diversity generally must occur within one year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1). Thus, in addition to Defendant's status as a Tennessee citizen precluding diversity jurisdiction, Defendant's Notice was untimely.

Because removal based on diversity jurisdiction is unavailable where a defendant is a resident of the state in which the suit is brought—like Defendant here—the Court **ADOPTS** the Magistrate Judge's recommendation that this Court lacks diversity jurisdiction over this action.

*Federal Question Jurisdiction*

The Magistrate Judge concluded that federal question jurisdiction is unavailable in this case for multiple reasons. First, the Magistrate Judge concluded that because Defendant did not

include a copy of the complaint with his Notice, federal question jurisdiction could not be apparent from the face of the complaint. (ECF No. 8, 6.) Second, the Magistrate Judge concluded that notwithstanding the absence of the complaint, it was apparent that Plaintiff's eviction action is not one arising under federal law. (*Id.*) Finally, the Magistrate Judge concluded that Defendant's Notice attempts to invoke federal question jurisdiction through the assertion of a counterclaim, which is impermissible. (*Id.*)

As set forth by statute, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule guides the determination of whether federal question jurisdiction exists, requiring that "a federal question is presented on the face of the plaintiff's complaint." *Kitzmann v. Local 619-M Graphic Comms. Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011). The obvious issue that Defendant faces here is that the complaint was not attached to the Notice, and Defendant did not include the complaint with his Objections. (ECF Nos. 1 & 9.) Accordingly, the Magistrate Judge correctly concluded that no federal question is presented on the face of the complaint in this case. (ECF No. 8, 6.) Further, the Magistrate Judge also found it "clear" that Plaintiff lacked the ability to bring its eviction action against Defendant in federal court originally. (ECF No. 8, 6.)

Defendant's Notice focuses on the allegation that the Circuit Court proceeding violated his Due Process rights under the federal Constitution. (ECF No. 1, 2.) Essentially, Defendant asserts in his Notice and Objections that because the Circuit Court allegedly violated his Due Process rights in granting Plaintiff's motion for summary judgment, this case "arises under" federal law. (ECF Nos. 1, 2 & 9, 3.) The Court adopts the Magistrate Judge's finding (ECF No. 8, 6), that Defendant appears to be asserting a counterclaim with this allegation, which cannot serve as the

8

basis for federal question jurisdiction. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) ("[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction' . . . ." (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986))). Additionally, based on the nature of the state court proceeding, the Magistrate Judge correctly concluded that Plaintiff's eviction action is not one that was initially within the Court's original jurisdiction, because such an action would not arise under federal law. *See* 28 U.S.C. § 1331, 1441.

In his Objections, Defendant makes two arguments in support of federal question jurisdiction as a basis for removal. First, Defendant argues that it was improper for Plaintiff to initiate an eviction proceeding in Shelby County General Sessions Court on September 5, 2013 while Finley's 2012 wrongful foreclosure action was "pending" in federal court. (ECF No. 9, 2.) However, as set forth in the facts above, the Court entered judgment in that proceeding on January 25, 2013 and barred only then-pending foreclosure actions by Plaintiff. Plaintiff was not barred from subsequently commencing a new action against Defendant in Tennessee state court. Accordingly, the Court rejects Defendant's argument that his 2012 wrongful foreclosure case confers federal question jurisdiction on this action. Second, Defendant argues that because his 2012 wrongful foreclosure action is "still pending" in federal court, this Court necessarily has federal question jurisdiction. (ECF No. 9, 3.) As explained above, that case is no longer pending and the Court's January 25, 2013 Order is inapplicable to the present case.

Defendant's Objections cite *Jordan v. Gilligan*, 500 F.2d 701 (6th Cir. 1974) for the proposition that a void judgment is inoperable. (ECF No. 9, 3.) But *Gilligan* involved a federal district court's refusal to vacate a prior federal district court order rather than a state court judgment. *See Gilligan*, 500 F.2d at 703. Defendant also cites *Kalb v. Feuerstein*, 308 U.S. 433

9

(1940), apparently for the proposition that a federal court—pursuant to its federal question jurisdiction—may hold a state court judgment to be void. (ECF No. 9, 3.) However, *Kalb* reversed a state court judgment rendered after the appellants had commenced a bankruptcy proceeding, thereby automatically staying all pending state proceedings. *Kalb*, 308 U.S. at 440. Therefore, *Kalb* is clearly inapplicable in this situation. Ultimately, neither of these cases support the argument that this Court has federal question jurisdiction over this action.

Because Defendant has failed to plead the existence of federal question jurisdiction, the Court **ADOPTS** the Magistrate Judge's recommendation that this Court lacks federal question jurisdiction over this action.

*Supplemental Jurisdiction*

In a civil action in which a federal court has original jurisdiction over a claim, additional claims may fall within the court's subject matter jurisdiction—even though they do not independently satisfy subject matter jurisdiction requirements—if they are sufficiently related to the original claim. *See* 28 U.S.C. § 1367(a). The Magistrate Judge concluded, and the Court agrees for the reasons set forth above, that no original jurisdiction exists in this case. (ECF No. 8, 7.) Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that there is no supplemental jurisdiction over this action.

*Rooker-Feldman Doctrine*

The Magistrate Judge noted that aside from the above issues of subject matter jurisdiction, the *Rooker-Feldman* doctrine may also bar the exercise of jurisdiction. (ECF No. 8, 7.) The *Rooker-Feldman* doctrine bars federal jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, "if the source of the injury is the state court decision," the federal court lacks jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see also VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).

There is an exception to the *Rooker-Feldman* doctrine where a litigant asserts a claim that is independent from the state court judgment, such as an allegation that the judgment is a product of fraud. *See Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006). Where a party asserts "some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," the doctrine will not preclude jurisdiction. *McCormick*, 451 F.3d at 392 (quoting *Exxon Mobil*, 544 U.S. at 293).

The Magistrate Judge concluded, however, that because Defendant did not plead federal subject matter jurisdiction, it was not necessary to determine whether the *Rooker-Feldman* doctrine applied. The Court **ADOPTS** the Magistrate Judge's recommendation that Defendant has failed to plead subject matter jurisdiction, and consequently, that there is no need to determine the applicability of the *Rooker-Feldman* doctrine.

## CONCLUSION

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** this action for lack of subject-matter jurisdiction and remand to the Shelby County Circuit Court.[2]

---

[2] Due to Defendant's *pro se* status, the Court notifies Defendant of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

11

**IT IS SO ORDERED** this 22nd day of October, 2020.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
